**F I L E D**

SEP 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

1 Lawrence H. Nemirow
2 5242 Katella Ave., Suite 104
Los Alamitos, CA 90720-2820
3 Tel. (562) 799-1379
Fax. (562) 799-1377

4 *Pro Se* for the Estate of Helene S. Nemirow et al

5 ## UNITED STATES DISTRICT COURT

6 ## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE ESTATE OF HELENE S. NEMIROW ) | Civil Action No. |
| Plaintiff, ) | **COMPLAINT FOR:** |
| ) | |
| v ) | |
| LAKEVIEW NURSING AND ) REHABILITATION CENTER ) INC. , an Illinois corporation, and ) DOES 2 through 50, Inclusive ) | **M E D I C A L   M A L P R A C T I C E WRONGFUL DEATH AND SURVIVAL** |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

**08CV5227**
**JUDGE LEINENWEBER**
**MAG.JUDGE KEYS**

### NATURE OF THE ACTION

1. This action arises as a result of Medical Malpractice which led to the wrongful death of Helene Susan Nemirow.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a) as the suit involves a controversy between citizens of different states.

3. Venue is properly laid in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (a) (1) and 28 U.S.C. § 1391 (a) (2) in that at least one of the

1

1 defendants resides in this district, and a substantial part of the events or ommissions
2 giving rise to this claim occurred in this district.

3 **PARTIES**

4     4.    The Estate of Helene S. Nemirow is a New York Probate Estate.
5 LAWRENCE H. NEMIROW has been appointed as the administrator of the Estate of
6 Helene S. Nemirow (hereafter "the deceased"), and is duly appointed to act as
7 administrator by the State of New York, is the brother of and is at all times mentioned
8 was a resident of the State of California.

9     6.  Defendant LAKEVIEW NURSING AND REHABILITATION CENTER,
10 INC. is an Illinois Corporation located in the Northern District of Illinois.

11     7.  DOE Defendants 1 through 10, inclusive, are all Illinois residents and are
12 sued herein under fictitious names. Plaintiff is informed and believes, and thereon
13 alleges, that said DOE Defendants are the officers, directors, employers, employees
14 (including but not limited to accountants and other consultants), principals, agents or
15 other representatives of (or acting on behalf of) one or more of the named Defendants,
16 whose individual names and capacities are not currently known to Plaintiff. When
17 their true names and capacities are ascertained, Plaintiff will amend this Complaint by
18 inserting said true names and capacities. Plaintiff is informed and believes, and
19 thereon alleges, that each of the fictitiously named DOE Defendants is in some way
20 responsible for the breaches, acts and occurrences herein alleged, and that Plaintiff's
21 damages were proximately or substantially caused by such DOE Defendants in
22 addition to the named Defendants.

23     8.  Plaintiff is informed and believes, and thereon alleges, that all Defendants
24 herein, and their directors, officers, officials, managers and supervisors are vicariously
25 liable for the breaches, acts and omissions of any and all Defendants named DOE, and
26 were committed within the course and scope of their employment and/or agency,
27 which breaches, acts and omissions are fully set forth herein.

28     9.  Plaintiff is informed and believes, and thereon alleges, that at all times

COMPLAINT FOR MEDICAL MALPRACTICE AND WRONGFUL DEATH

1 during the breaches, acts and occurrences herein mentioned, each of the Defendants
2 (both named and DOE) was the partner, principal, agent, employer, employee, or other
3 representative of each of the remaining Defendants, and in doing or failing to do the
4 things herein alleged, was acting within the scope and course of such partnership,
5 agency, employment, conspiracy, or other legal relationship, and with the permission,
6 consent and/or ratification of said remaining Defendants.

7 **BACKGROUND OF THE ALLEGATIONS AGAINST DEFENDANT**

8 10. Plaintiffs reallege and incorporates herein by reference Paragraphs 1
9 through 9, as if fully set forth herein.

10 11. There was a nursing home-physician-patient relationship between the
11 deceased and defendant Lakeview Nursing and Rehabilitation Center.

12 13. From August 2, 2006 through August 23, 2006, the deceased was in the
13 exclusive control of the defendant, and at no time prior to the events, conduct, activity,
14 care and treatment as herein complained did the defendants, obtain the deceased's
15 knowledgeable, informed consent for the care, treatment or conduct as herein alleged,
16 and that prior to the initiation and or performance of said care, treatment, procedure
17 or conduct, no opportunity was afforded to the deceased herein, to exercise voluntary,
18 knowledgeable and informed consent to said care, treatment, procedure or conduct.

19 14. Plaintiff alleges that shortly after the deceased's admission to
20 defendant's nursing home and rehabilitation center, defendant's physicians, nurses
21 and agents named as Doe defendants herein because Plaintiff has not been able to
22 confirm their names, placed the decedent in a whirlpool bath without first filling
23 the whirlpool with water.

24 15. Plaintiff alleges that placing the decedent, who was admitted to defendants
25 nursing and rehabilitation center for treatment of open wounds and infections, failed
26 to conform to the standard of care both with respect to the care and treatment rendered
27 to the deceased in her then physical condition, and with respect to not providing the
28 deceased information about the risks and hazards, or other harmful consequences that

3

1  might follow from placing her in a whirlpool without filling the whirlpool first with
2  water.

3      16.   By its negligent action of not filling the whirlpool with water, the
4  defendant, LAKEVIEW NURSING AND REHABILITATION CENTER, INC., and
5  its agents and employees negligently and carelessly and proximately caused the
6  deceased to suffer bedsores which developed into a MSRA infection and worsened the
7  infections she already had, which ultimately led the deceased to suffer cardiac arrest
8  and death.

9      17.   From and after said times, defendants, and each of them so negligently
10 failed to diagnose her new condition and so negligently treated her, and so negligently
11 cared for here while she was in the exclusive control of the defendant, and so
12 negligently operated, managed, maintained, selected, designed, controlled, conducted
13 their services, activities, personnel and equipment in connection with the deceased's
14 care and treatment that the same proximately contributed to or caused the death of the
15 deceased HELENE NEMIROW as alleged herein.

16     18.   The negligent treatment in particular after causing the new bed sores are
17 that although defendant Lakeview treated the deceased with antibiotic medications
18 while the decedent was under the exclusive care, custody and control of defendant
19 Lakeview , the deceased white blood count significantly increased.  The Standard of
20 care if the antibiotic medications were not having the desired effect, was to ensure that
21 the medications be changed so that the infection could be properly treated as any
22 prudent health care facility in the Northern District of Illinois would have so done, or
23 that the deceased be sent back to the hospital for further treatment sooner than
24 defendant discharged the deceased. Plaintiff alleges that had defendant Lakeview
25 either changed the medications or discharged the deceased back to the hospital for
26 proper treatment, the deceased would have been  alive today.

27     19.   From and after the development of the new MSRA infection and the
28 aggravation of the existing infection, defendant Lakeview failed to warn the deceased

1  that she may be suffering from a life threatening condition, when a reasonably prudent
2  health care provider would have so warned. The absence of this warning served to
3  prevent the deceased from seeking urgent care elsewhere than at defendant Lakeview,
4  and the same lack of warning allowed the infections to be properly untreated, which
5  proximately led to her death.

6      20.  As a direct and proximate and contributing result of the negligent acts of
7  commission and/or omission in the treatment of the decedent by defendant Lakeview,
8  the decedent died from a cardio-pulmonary event, central respiratory failure and
9  sepsis.

10     21.  The damages sought by Plaintiff have a reasonable value of at least
11 $150,000, and the exact amount of Plaintiffs damages will be shown according to
12 proof at the time of trial.

13     **WHEREFORE**, Plaintiff brings this cause of action pursuant to 755 ILCS
14 5/27-6, commonly known as the Survival Act, and demands judgment against
15 defendant Lakeview Nursing and Rehabilitation Center, Inc. for :

16 (a)  Compensatory damages in an amount that exceeds $150,000, the exact amount
17 of Plaintiffs damages will be shown according to proof at the time of trial;

18 (b)  Plaintiff's costs of this action; and

19 (c)  Such other and further relief as this Court deems just and appropriate.

20 Date: September 11, 2008

21                                     By _____
                                          LAWRENCE H. NEMIROW
22                                          Attorney for the Estate
                                            of HELENE S. NEMIROW
23

24

25

26

27

28

COMPLAINT FOR MEDICAL MALPRACTICE AND WRONGFUL DEATH

1  DECLARATION UNDER ILLINOIS STATUTES 735 ILCS 5/2-622

2  I, Lawrence H. Nemirow declare as follows:

3  1. I have consulted and reviewed the facts of the allegations against Lakeview

4  Nursing and Rehabilitation Center, Inc. in this Second Amended Complaint with a

5  health care professional.

6  2. I reasonably believe that said health care professional:

7  a) Is knowledgeable in the relevant issues involved in this particular action;

8  and,

9  b) Practices or has practiced within the last 6 years or has taught with the

10  last 6 years in the same area of health care or medicine that is in issue in

11  this particular action; and

12  c) Is qualified by experience or demonstrated competence in the subject of

13  this case.

14  3. The health care professional has determined in a written report (attached),

15  that after review of the medical record and other relevant material involved in

16  this particular action against Lakeview Nursing and Rehabilitation Center that there

17  is a reasonable and meritorious cause for the filing of such action.

18  I declare under penalty of perjury under the laws of the States of California and

19  Illinois, and the United States of America that the foregoing is true and correct.

20  Executed in Los Alamitos California on September 11, 2008

21

22  By _____
                    LAWRENCE H. NEMIROW
23                  Attorney for the Estate of
                    Helene S. Nemirow
24

25

26

27

28

6

COMPLAINT FOR MEDICAL MALPRACTICE AND WRONGFUL DEATH

**Physician's Report and Certificate of Medical malpractice:**

Re: Helene Nemirow (deceased)

I certify as follows;

I am licensed to practice medicine in all of its branches in the State of Indiana. I am board certified in internal medicine. I am familiar with the issues of care and treatment involved herein. I devote 75% of the time, that I spend in either medical practice or in teaching, to the type of medicine at issue herein, and I have familiarity with the standard of care in the State of Illinois on the matters at issue herein. I am qualified by experience, education and training with the standard of care, methods, procedures and treatments relevant to the allegations at issue in this case, and I have practiced or taught in this field within the past five years. I have read and I am familiar with the relevant medical records, the representations of counsel and/or facts herein, and for the reasons set forth herein below, I hold the opinion to a reasonable degree of medical certainty that the defendant, Lake View Nursing Home deviated from the applicable standard of care in this matter in August, 2006. The deviation(s) by this defendants proximately caused or contributed to the plaintiff's death and accordingly a reasonable and meritorious basis for suit exists.

The decedent was receiving care at the defendant's Home for skin infections. During her stay at the nursing home she was injured in the whirlpool tub where she actually sustained further injury and infection. Her general condition and skin infections worsened at the Home and there was a negligent failure of the Home to timely cause appropriate treatment to be rendered for the infection and the aggravation of same. As a result of the foregoing she died of systemic complications of organ failure and cardiopulmonary arrest related to the infection soon thereafter.

Robert Buynak, M.D.